```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
DATAART ENTERPRISES, INC.,              :
                                        :
              Plaintiff,                :   Case No. 07-CV-7643 (LAP)
                                        :
                                        :   ANSWER
   -against-                            :
                                        :
OLEG ROMASHIN, ANTON ROGAINIS and       :
DMITRY ROZHKOV,                         :
                                        :
              Defendants.               :
                                        :
---------------------------------------X
```

The defendants for their answer to the plaintiff's complaint states and alleges the following:

1. Deny knowledge or information sufficient to admit or deny the allegations contained in paragraph 1 of the plaintiff's complaint.

2. Admit the allegations contained in paragraph 2 of the plaintiff's complaint.

3. Admit the allegations contained in paragraph 3 of the plaintiff's complaint.

4. Admit the allegations contained in paragraph 4 of the plaintiff's complaint, except denies sufficient information concerning the amount in controversy.

5. Admit the allegations contained in paragraph 5 of the plaintiff's complaint.

6. Deny the allegations contained in paragraph 6 of the plaintiff's complaint.

7. Deny the allegations contained in paragraph 7 of

the plaintiff's complaint.

8. Deny knowledge or information sufficient to admit or deny the allegations contained in paragraph 8 of the plaintiff's complaint.

9. Deny the allegations contained in paragraph 9 of the plaintiff's complaint, except admit that the plaintiff and defendant Romashin entered into a certain employment agreement- the plaintiff had no employment contract with the defendants in that the agreement was signed with a company by the name of Dart.

10. Deny the allegations contained in paragraph 10 of the plaintiff's complaint and respectfully refer the court to the Romashin Agreement for its terms and conditions.

11. Deny the allegations contained in paragraph 11 of the plaintiff's complaint.

12. Deny the allegations contained in paragraph 12 of the plaintiff's complaint and respectfully refer the court to the Romashin Agreement for its terms and conditions.

13. Deny the allegations contained in paragraph 13 of the plaintiff's complaint and respectfully refer the court to the Romashin Agreement for its terms and conditions.

14. Deny the allegations contained in paragraph 14 of the plaintiff's complaint, except admit that defendant Rogainis entered into a certain employment agreement-the plaintiff had no employment contract with the defendants in that the agreement was

signed with a company by the name of Dart.

15. Deny the allegations contained in paragraph 15 of the plaintiff's complaint and respectfully refer the court to the Rogainis Agreement for its terms and conditions.

16. Deny the allegations contained in paragraph 16 of the plaintiff's complaint.

17. Deny the allegations contained in paragraph 17 of the plaintiff's complaint and respectfully refer the court to the Rogainis Agreement for its terms and conditions.

18. Deny the allegations contained in paragraph 18 of the plaintiff's complaint and respectfully refer the court to the Rogainis Agreement for its terms and conditions.

19. Deny the allegations contained in paragraph 19 of the plaintiff's complaint, except admit that the plaintiff and defendant Rozhkov entered into a certain employment agreement-the plaintiff had no employment contract with the defendants in that the agreement was signed with a company by the name of Dart.

20. Deny the allegations contained in paragraph 20 of the plaintiff's complaint and respectfully refer the court to the Rozhkov Agreement for its terms and conditions.

21. Deny the allegations contained in paragraph 21 of the plaintiff's complaint.

22. Deny the allegations contained in paragraph 22 of the plaintiff's complaint and respectfully refer the court to the

Rozhkov Agreement for its terms and conditions.

23. Deny the allegations contained in paragraph 23 of the plaintiff's complaint and respectfully refer the court to the Rozhkov Agreement for its terms and conditions.

24. Deny the allegations contained in paragraph 24 of the plaintiff's complaint, except admit that defendant Romashin was sent to Finland and did work on a project for Nokia Corporation.

25. Deny the allegations contained in paragraph 25 of the plaintiff's complaint, except admit that defendant Rogainis was sent to Finland and did work on a project for Nokia Corporation.

26. Deny the allegations contained in paragraph 26 of the plaintiff's complaint, except admit that defendant Rozhkov was sent to Finland and did work on a project for Nokia Corporation.

27. Deny the allegations contained in paragraph 27 of the plaintiff's complaint.

28. Deny the allegations contained in paragraph 28 of the plaintiff's complaint.

29. Deny the allegations contained in paragraph 29 of the plaintiff's complaint.

30. Deny the allegations contained in paragraph 30 of the plaintiff's complaint.

31. Deny the allegations contained in paragraph 31 of the plaintiff's complaint.

32. Deny the allegations contained in paragraph 32 of the plaintiff's complaint.

33. Deny the allegations contained in paragraph 33 of the plaintiff's complaint, except admit that defendant Romashin is currently lawfully employed.

34. Deny the allegations contained in paragraph 34 of the plaintiff's complaint, except admit that defendant Rogainis is currently lawfully employed.

35. Deny the allegations contained in paragraph 30 of the plaintiff's complaint, except admit defendant Rozhkov admits that he is currently lawfully employed.

36. The defendants repeat and reallege their responses to paragraphs 1 through 35 of the plaintiff's complaint.

37. Deny the allegations contained in paragraph 37 of the plaintiff's complaint and all questions of law as to the Romashin Agreement are reserved for the court.

38. Deny the allegations contained in paragraph 38 of the plaintiff's complaint.

39. Deny the allegations contained in paragraph 39 of the plaintiff's complaint.

40. Deny the allegations contained in paragraph 40 of the plaintiff's complaint.

41. The defendants repeat and reallege their responses to paragraphs 1 through 40 of the plaintiff's complaint.

42. Deny the allegations contained in paragraph 42 of the plaintiff's complaint.

43. Deny the allegations contained in paragraph 43 of the plaintiff's complaint.

44. The defendants repeat and reallege their responses to the paragraph 1 through 43 of the plaintiff's complaint.

45. Deny the allegations contained in paragraph 45 of the plaintiff's complaint and all questions of law as to the Rogainis Agreement are reserved for the court.

46. Deny the allegations contained in paragraph 46 of the plaintiff's complaint.

47. Deny the allegations contained in paragraph 47 of the plaintiff's complaint.

48. Deny the allegations contained in paragraph 48 of the plaintiff's complaint.

49. The defendants repeat and reallege their responses to paragraphs 1 through 48 of the plaintiff's complaint.

50. Deny the allegations contained in paragraph 50 of the plaintiff's complaint.

51. Deny the allegations contained in paragraph 51 of the plaintiff's complaint.

52. The defendants repeat and reallege their responses

to paragraphs 1 through 51 of the plaintiff's complaint.

53.  Deny the allegations contained in paragraph 53 of the plaintiff's complaint and all questions of law as to the Rozhkov Agreement are reserved for the court.

54.  Deny the allegations contained in paragraph 54 of the plaintiff's complaint.

55.  Deny the allegations contained in paragraph 55 of the plaintiff's complaint.

56.  Deny the allegations contained in paragraph 56 of the plaintiff's complaint.

57.  The defendants repeat and reallege their responses to paragraphs 1 through 56 of the plaintiff's complaint.

58.  Deny the allegations contained in paragraph 58 of the plaintiff's complaint.

59.  Deny the allegations contained in paragraph 56 of the plaintiff's complaint.

AS FOR A FIRST AFFIRMATIVE DEFENSE

60.  The plaintiff has failed to state a claim upon which relief can be granted.

AS FOR A SECOND AFFIRMATIVE DEFENSE

61.  The court lacks jurisdiction in this action.

AS FOR A THIRD AFFIRMATIVE DEFENSE

62.  The restrictive covenant is unreasonable in both scope and duration and is void as a matter of law.

AS FOR A FOURTH AFFIRMATIVE DEFENSE

The plaintiff's causes of action are barred, in whole or in part, by the doctrines of estoppel, waiver and unclean

7

hands.

Dated: New York, New York
       November 20, 2007

                          Law Offices of Victor A. Worms, P.C.
                          Attorneys for defendants

                          By: _____
                              Victor A. Worms (VAW-2234)
                          305 Broadway, Suite 1100
                          New York, New York 10007
                          (212) 374-9590

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
DATAART ENTERPRISES, INC.,           :
                                     :
                    Plaintiff,       :   Case No. 07-CV-7643 (LAP)
                                     :
                                     :
     -against-                       :
                                     :
OLEG ROMASHIN, ANTON ROGAINIS and    :
DMITRY ROZHKOV,                      :
                                     :
                    Defendants.      :
                                     :
------------------------------------X
```

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the attached answer has been served via U.S. Mail on November 20, 2007 on counsel for the plaintiff at the address listed below:

Marc Rowin
Attorney for plaintiff
630 Third Avenue
New York, New York 10017

Dated: New York, New York
       November 20, 2007

_____
Victor A. Worms (VAW-2234)