UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------X

DATAART ENTERPRISES, INC.,    :    07 Civ. 7643 (LAP)

          Plaintiff,    :    MEMORANDUM AND ORDER

    v.    :

OLEG ROMASHIN, ANTON ROGAINIS, and :
DMITRY ROZHKOV,

          Defendants.    :

------------------X

LORETTA A. PRESKA, U.S.D.J.

    Currently pending before the Court are letters from each party, which I construe as Defendants' motion to dismiss for lack of personal jurisdiction. The question before the Court is whether the non-exclusive forum selection clause in Defendants' employment contract with Plaintiff is sufficient to give this Court personal jurisdiction over the Defendants.

    "It is settled . . . that parties to a contract may agree in advance to submit to the jurisdiction of a given court." Nat'l Equip. Rental, Ltd. v. Szukhent, 375 U.S. 311, 315-16, (1964); see also D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 103 (2d Cir. 2006) ("Parties can consent to personal jurisdiction through forum-selection clauses in contractual agreements."). Further, "an enforceable forum selection clause amounts to consent to personal jurisdiction." Farrell Lines Inc.

v. Columbus Cello-Poly Corp., 32 F. Supp. 2d 118, 127 (S.D.N.Y. 1997) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 n.14 (1985)); see also Phillips v. Audio Active, Ltd., 494 F.3d 378, 386 (2d Cir. 2007) ("[A] so-called permissive forum clause . . . confers jurisdiction in the designated forum."). Thus, to the extent it is enforceable, the instant permissive forum selection clause is sufficient to ground this Court's in personam jurisdiction over Defendants.

A forum selection clause will be enforceable if: (1) the existence of the clause was reasonably communicated to the parties; (2) the clause was not obtained through fraud or overreaching; and (3) the enforcement of the clause will not be unreasonable or unjust. See D.H. Blair, 462 F.3d at 103. Defendants contest the forum selection provision's enforceability, arguing principally, that there were two versions of the employment agreement, one in English and the other in Russian, and that the two versions were not identical.

2

Because I conclude that issues of fact exist as to this argument, the Court shall conduct a hearing on Friday, September 5, 2008, at 10:00 a.m., to determine the provision's enforceability and, thus, the presence of personal jurisdiction. The parties shall confer and inform the Court by letter no later than August 20, 2008, how they propose to conduct the hearing.

SO ORDERED:

DATED:   New York, New York
         July 23, 2008

_____
LORETTA A. PRESKA, U.S.D.J.